UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

CARDINAL HEALTH 110, LLC,    )
    )
    Plaintiff,    )
    )
    v.    )    Case No. 1:18 CV 165 ACL
    )
PREMIERE HEALTHCARE, LLC, et al.,    )
    )
    Defendants.    )

## AMENDED MEMORANDUM AND ORDER

Plaintiff Cardinal Health 110, LLC filed this diversity action against Defendants Premiere Healthcare, LLC; Wilkare Pharmacy, LLC; Wilkare Real Estate, LLC; Alton Bank; John Doe Individuals 1 to 5; and John Doe Corporations 1 to 5.[1]  Plaintiff alleges violations of the Missouri Uniform Fraudulent Transfer Act, Mo. Rev. Stat §§ 428.005, et seq ("MUFTA"), and other related state law claims.

Presently pending before the Court is Defendant Alton Bank's Motion to Dismiss.  (Doc. 17.)

## Background[2]

Defendant Premiere Healthcare, LLC ("Premiere") operated retail pharmacies in Doniphan and Malden, Missouri.  In May 2010, Premiere applied for and was approved for a Credit Application with Plaintiff Cardinal Health 110, LLC ("Cardinal Health").  Shortly thereafter, Premiere purchased pharmaceutical products on credit from Cardinal Health.  On June 25, 2010, Cardinal Health and Premiere entered into an agreement.  The agreement consisted of

---

[1]Plaintiff has since voluntarily dismissed all of the John Doe Individual and Corporate Defendants.  (Doc. 27.)

[2]The facts set out here are those alleged in the Amended Complaint.  The Court must assume these facts to be true for purposes of the instant Motion to Dismiss.

Premiere executing and delivering a Fixed Rate Term Note in the amount of $630,250 ("Note") and a Security Agreement that allowed a security interest in all of its goods, equipment, inventory, accounts, accounts receivable, chattel paper, instruments, investment property and all general intangibles, books and records, computer programs and records, and other personal property (collectively, "Cardinal Health Collateral"). Cardinal Health filed a UCC Financing Statement with the State of Missouri on or about June 28, 2010, which was continued by the filing of a Continuation Statement on March 18, 2015. The UCC Financing Statement placed all creditors on notice of Cardinal Health's security interest in the Cardinal Health Collateral.

Premiere's members are Philip K. Wilkins, Sr. and Terri Wilkins. The Wilkinses have three children: Phillip K. Wilkins, Jr., Amelia T. Wilkins, and Annette F. Wilkins ("Guarantors"). The Wilkins children served as guarantors of all debts owned by Premiere to Cardinal Health. On February 24, 2016, Phillip K. Wilkins, Jr. formed two limited liability companies under Arkansas Law: Wilkare Pharmacy, LLC, which operates a pharmacy; and Wilkare Real Estate LLC, which operates a commercial real estate leasing business.

In 2013, Premiere became deficient on its debt owed to Cardinal Health. In April of 2015, Cardinal Health filed a lawsuit against Premiere in Franklin County Court of Common Pleas in Columbus, Ohio. At the time of the filing of the lawsuit, Premiere owed Cardinal Health a total of $790,552.75, plus interest on account.

After Premiere started to default on Cardinal Health's Note in 2013, a series of events took place: (1) Premiere started to execute loan documents, transfer assets and sign additional security interests with Alton Bank in 2014, 2015, and 2016; (2) Premiere's members began transferring assets to individual members and family members in 2016; and (3) Phillip Wilkins, Jr., a guarantor of Premiere, set up new LLCs to transfer additional assets out of Premiere's

name and ownership in 2016. Cardinal Health refers to these transactions and transfers between Premiere, the Wilkare Defendants, and Alton Bank as the "Fraudulent Scheme" in the Amended Complaint.

On or about July 16, 2016, Premiere and its Guarantors agreed to resolve the lawsuit with Cardinal Health and enter into a Settlement Agreement. They subsequently defaulted on the Settlement Agreement. Cardinal Health alleges that, as a result of the Fraudulent Scheme and other actions of the Defendants, Cardinal Health is unable to collect on its judgment.

On August 28, 2018, Defendant Alton Bank filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant first argues that the Court should dismiss the Amended Complaint in its entirety under Rule 12(b)(1), because Plaintiff Cardinal Health has not carried its burden in establishing diversity subject matter jurisdiction. Specifically, Defendant contends that Plaintiff makes no allegations as to the citizenship of any of the "Doe" Defendants. Defendant argues in the alternative that Counts IV, VI, VII, and VIII should be dismissed as to Alton Bank for failure to state a claim upon which relief may be granted under Rule 12(b)(6).

Plaintiff has filed a Response in Opposition to Defendant's Motion. (Doc. 21.) Additionally, on December 4, 2018, Plaintiff voluntarily dismissed this action without prejudice as to John Doe Individuals 1 to 5 and John Doe Corporations 1 to 5. (Doc. 27.) There is no dispute that the remaining named Defendants are diverse. Consequently, Defendant's Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) will be denied as moot. The Court will address Defendant's Motion to Dismiss for failure to state a claim below.

## Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. Rule 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## Discussion

Defendant first argues that Count IV should be dismissed as to Alton Bank for the following reasons: (1) it seeks to impose direct liability against a non-debtor, in contravention of the MUFTA; (2) the fraudulent transfers made or obligations incurred by Premiere from 2014 to 2016 were exchanged for reasonably equivalent value; (3) Plaintiff fails to allege that any

transfer by Premiere to the Wilkare Defendants was for an "antecedent debt;" and (4) the statute

of limitations set forth in the MUFTA preclude Plaintiff from bringing claims in relation to some

of the transactions at issue. Defendant contends that Counts VI and VII should be dismissed

because they are based upon Count IV. Finally, Defendant argues that Count VIII is not a cause

of action recognized in Missouri and therefore fails as a matter of law. The Court will address

Defendant's claims in turn.

## I.      Count IV

In Count IV of the Amended Complaint—the first claim directed at Defendant Alton

Bank—Plaintiff alleges that Alton Bank violated §§ 428.029.1 and 428.029.2 of the MUFTA.

The statute provides as follows, in relevant part:

> 1. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor
> whose claim arose before the transfer was made or the obligation was incurred if
> the debtor made the transfer or incurred the obligation without receiving a
> reasonably equivalent value in exchange for the transfer or obligation and the
> debtor was insolvent at that time or the debtor became insolvent as a result of the
> transfer or obligation.
>
> 2. A transfer made by a debtor is fraudulent as to a creditor whose claim arose
> before the transfer was made if the transfer was made to an insider for an
> antecedent debt, the debtor was insolvent at that time, and the insider had
> reasonable cause to believe that the debtor was insolvent.

Mo. Rev. Stat. § 428.029.

Plaintiff alleges that, as a result of Defendant's violations of § 428.029, the

transfers that took place are voidable pursuant to §§ 428.024.1(1) and 428.024.1(2).

Section 428.024(1) provides as follows:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor,
> whether the creditor's claim arose before or after the transfer was made or the
> obligation was incurred, if the debtor made the transfer or incurred the obligation:
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
> (2) Without receiving a reasonably equivalent value in exchange for the transfer
> or obligation, and the debtor: (a) Was engaged or was about to be engaged in a

business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (b) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

## A. Applicability of MUFTA to Alton Bank

Defendant first argues that Plaintiff's claims against Alton Bank fail because the MUFTA applies only to fraudulent transfers or obligations of a *debtor* and Alton Bank is not a debtor of Plaintiff.

In Count IV, Plaintiff alleges that Alton Bank took the following action: had notice of Plaintiff's security interest in the Cardinal Health Collateral by virtue of Plaintiff's UCC Financing Statement filings; did not give Premiere equivalent value in exchange for the security interest in the Cardinal Health Collateral; transferred the Malden Assets to the Wilkare Defendants, an insider of Premiere; and did not contact Plaintiff or obtain Plaintiff's consent to Alton Bank's receipt of the proceeds of Plaintiff's collateral. Plaintiff seeks the following remedies as to Alton Bank: an order voiding the transfers at issue, as necessary to satisfy Plaintiff's claims against Premiere; and the issuance of a preliminary and permanent injunction against Alton Bank, as transferee of the transfers comprising the Fraudulent Scheme, enjoining Alton Bank from selling, transferring or otherwise disposing of the transferred property pending a determination by the Court that the property was fraudulently transferred.

The Court finds that Count IV states a claim against Alton Bank. While it is true that the MUFTA applies to transfers made by a debtor, Count IV challenges precisely that: the allegedly fraudulent transfer of assets by debtor Premiere to Alton Bank. As a remedy, Plaintiff seeks to void the transfer and enjoin Alton Bank, as the transferee, from disposing of the transferred property. Defendant cites no authority for its argument that the MUFTA does not apply to "those who may have facilitated those transfers on behalf of the debtor." (Doc. 18 at p. 10.)

Because Plaintiff alleges that Alton Bank knowingly received fraudulently transferred assets in violation of the MUFTA, Count IV states a claim against Alton Bank.

## B.    Reasonably Equivalent Value

An absolute defense to a fraudulent conveyance action under the MUFTA is where the transferee took in good faith and exchanged reasonably equivalent value for the conveyance. *See* Mo. Rev. Stat. § 428.044.1.

Defendant argues that Plaintiff tacitly admits that any transfers made by Premiere in connection with the March 31, 2014 and January 2015 loans were exchanged for a reasonably equivalent value by Alton Bank. Specifically, Defendant notes that, in addition to Plaintiff's collateral, the loans were secured by unrelated property, such as personal assets of the Wilkinses. In support of this claim, Defendant has attached various loan documents as exhibits. (Docs. 18-1, 18-2, 18-3.)

Plaintiff argues that the issue of whether reasonably equivalent value has been received by the debtor is a fact intensive inquiry that is inappropriate for a motion to dismiss and that the exhibits submitted by Defendant cannot be considered without converting the Motion to a motion for summary judgment. Defendant responds that the exhibits are necessarily embraced by the pleadings and may be considered without conversion to a motion for summary judgment.

The Court does not consider matters outside the pleadings under Rule 12(d). Fed. R. Civ. P. 12(d). The Court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). Plaintiff has not contested the authenticity of any documents provided by Defendant. Because the Amended Complaint

references the loans at issue, the Court properly considers the loan documents. *See Meiners v. Wells Fargo & Co.*, No. CV 16-3981 (DSD/FLN), 2017 WL 2303968, at *2 (D. Minn. May 25, 2017), *aff'd*, 898 F.3d 820 (8th Cir. 2018); *Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009) (affirming district court's decision not to convert the defendants' motion under Rule 12(b)(6) to a motion for summary judgment where the complaint explicitly referred to the "SPDs and the Trust Agreement, and both [were] central to plaintiffs' case").

Having reviewed the loan documents contained in Exhibits 1, 2, and 3, the Court cannot find that they establish the loans were exchanged for a reasonably equivalent value. There is no dispute that the Alton Bank loans were secured by additional property unrelated to Plaintiff's collateral, as Plaintiff specifically references the unrelated collateral in the Amended Complaint. (Doc. 6 at ¶¶ 33, 35.) The exhibits provided by Defendant do not indicate the respective value of the individual assets used as security. Additionally, the MUFTA does not define "reasonably equivalent value." Accepting all the allegations in the Amended Complaint as true as this Court must do, Plaintiff's claim is plausible on its face.

### C. Antecedent Debt

Defendant also argues that Plaintiff fails to state a claim with regard to § 428.029.2 because there is no allegation that any transfer by Premiere to the Wilkare Defendants was for an "antecedent debt." Plaintiff does not address this argument in its Response.

Section 428.029.2 provides that a transfer is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made "to an insider *for an antecedent debt*, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent." Mo. Rev. Stat. § 428.029.2 (emphasis added). Because Plaintiff has failed to allege that any transfer from Premiere to the Wilkare Defendants was for an antecedent debt,

Defendant's Motion to Dismiss will be granted as to any claim under § 428.029.2.

### D.     Statute of Limitations

Defendant next argues that some of the alleged wrongful conduct occurred outside the relevant statute of limitations.  Specifically, Defendant contends that any claim related to the March 31, 2014 loan agreements is extinguished.  Defendant further argues that any claim brought under § 428.029.2 as to the January 2015 loan is extinguished as a matter of law. Plaintiff responds that its claims are not barred by the statute of limitations because the Amended Complaint does not address when Plaintiff became aware of the transfers.  Plaintiff contends that, to date, it is still not aware of the true nature or extent of the relevant transactions.

The MUFTA sets forth specific time limitations for actions brought under its various provisions.  The statute provides as follows:

> A claim for relief or cause of action with respect to a fraudulent transfer or obligation under sections 428.005 to 428.059 is extinguished unless action is brought:
> (1) Under subdivision (1) of subsection 1 of section 428.024, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant;
> (2) Under subdivision (2) of subsection 1 of section 428.024 or subsection 1 of section 428.029, within four years after the transfer was made or the obligation was incurred; or
> (3) Under subsection 2 of section 428.029, within one year after the transfer was made or the obligation was incurred.

Mo. Rev. Stat. Ann. § 428.049.

The Amended Complaint identifies five allegedly fraudulent transactions involving Alton Bank:  two loan agreements entered into on March 31, 2014; one loan agreement entered into on January 2, 2015; the asset purchase agreement entered into in January of 2016; and Premiere's pledging of a promissory note to Alton Bank on an unspecified date after January of 2016.  The undersigned will discuss these transactions in turn.

Defendant first argues that any claim brought under §§ 428.024.1(2), 428.029.1, or 428.029.2[3] in connection with the March 31, 2014 loans is extinguished as a matter of law because the relevant statutes of limitations for those provisions is simply four years (§§ 428.024.1(2), 428.029.1) or one year (§ 428.029.2), regardless of whether Plaintiff knew or reasonably could have known of the transaction.  The Court agrees.  The plain language of the statute of limitations indicates that the date Plaintiff became aware of the allegedly fraudulent transfers is immaterial.  As to the March 31, 2014 transactions, Plaintiff must have brought action against Alton Bank no later than March 31, 2015 as to its claim under § 428.029.2; and no later than March 31, 2018 as to any claims under §§ 428.024.1(2) and 428.029.1.  Plaintiff's Complaint filed in July 2018 is therefore untimely as to these claims.  Similarly, any claim brought under § 428.029.2 as to the January 2015 loan is extinguished as a matter of law because Plaintiff was required to bring such a claim no later than one year after the loan, or January 2016.

Under § 428.024.1(1), however, a claim alleging conduct outside the four-year limitations period is nevertheless timely if it is brought "within one year after the transfer ... was or could reasonably have been discovered by the claimant[.]"  Notably, Plaintiff's Amended Complaint is silent as to when Plaintiff discovered Defendant's alleged wrongful conduct. Where the running of a statute of limitations depends upon when a plaintiff discovered or by reasonable diligence could have discovered the alleged fraudulent conduct, a factual question exists and summary disposition is inappropriate.  *Bueneman v. Zykan,* 181 S.W.3d 105, 112 (Mo. Ct. App. 2005).

---

[3]The Court has already dismissed Plaintiff's § 428.092.2 claims due to Plaintiff's failure to state a claim under that section.  The timeliness of this claim will nonetheless be addressed as an additional reason for its dismissal.

Thus, Defendant's Motion to Dismiss will be denied as to claims raised under § 428.024.1(1) relating to the March 31, 2014 transactions. The Motion will be granted as to any claims brought under § 428.029.2; and under §§ 428.024.1(2) and 428.029.1 relating to the March 31, 2014 loan agreements.

## II.     Counts VI and VII

In Counts VI and VII, Plaintiff alleges that Alton Bank and Premiere Healthcare conspired to defraud Plaintiff. Defendant argues that, if the Court dismisses Count IV against Alton Bank, Counts VI and VII should likewise be dismissed.

"A civil conspiracy is an agreement between at least two persons to do an unlawful act, or to use unlawful means to do an act which is lawful." *Blaine v. J.E. Jones Constr. Co.,* 841 S.W.2d 703, 713 (Mo. Ct. App. 1992). However, civil conspiracy is not itself actionable; it must be based on an underlying wrongful act or tort. *Hamilton v. Spencer,* 929 S.W.2d 762, 767 (Mo Ct. App. 1996).

The Court has determined that Count IV of the Amended Complaint sufficiently states a claim against Alton Bank for violations of the MUFTA in that Plaintiff alleges Alton Bank did not give Premiere "equivalent value in exchange for the security interest in the Cardinal Health Collateral" with the intent to hinder, delay, or defraud Premiere. (Doc. 6 at 16.) As such, the Amended Complaint alleges a claim for civil conspiracy sufficient to withstand a motion to dismiss. Defendant's Motion to Dismiss will be denied as to this claim.

## III.     Count VIII

In Count VIII, Plaintiff alleges that Alton Bank and the Wilkare Defendants aided and abetted Premiere in fraudulently conveying its assets to Alton Bank. Defendant argues that Count VIII should be dismissed because the Supreme Court of Missouri has not yet recognized a

cause of action for aiding and abetting.  Plaintiff acknowledges that the claim asserted in Count

VIII is "unconventional," yet argues that it states a claim.  In support, Plaintiff contends that the

Eighth Circuit, in *Aguilar v. PNC Bank, N.A.*, 853 F.3d 390, 403 (8th Cir. 2017), recognized

aiding and abetting as a cause of action.

The elements for a civil claim based on aiding and abetting are set out in the Restatement

(Second) of Torts § 876 (1979):

> For harm resulting to a third person from the tortious conduct of another, one is
> subject to liability if he (a) does a tortious act in concert with the other or pursuant
> to a common design with him, or (b) knows that the other's conduct constitutes a
> breach of duty and gives substantial assistance or encouragement to the other so
> to conduct himself, or (c) gives substantial assistance to the other in
> accomplishing a tortious result and his own conduct, separately considered,
> constitutes a breach of duty to the third parties.

At this time, the Missouri Supreme Court has yet to recognize a tort claim based upon

§ 876 of the Restatement (Second) of Torts.  *See Jo Ann Howard & Assoc., P.C. v. Cassity (Jo*

*Ann I)*, 2012 WL 3984486, at *6 (E.D. Mo. Sept. 11, 2012) ("[T]he Missouri Supreme Court has

not squarely decided whether to recognize the tort of aiding and abetting based on subsections

(b) or (c) of § 876") (internal citations omitted).  "When a state's highest court has not spoken on

a subject, [the court] must attempt to predict how that tribunal would rule."  *U.S. Underwriters*

*Ins. Co. v. Liberty Mut. Ins. Co.*, 80 F.3d 90, 93 (3d Cir. 1996) (citing *Kowalsky v. Long Beach*

*Twp.*, 72 F.3d 385, 387 (3d Cir. 1995)).  In making such predictions, the rulings of the state's

lower courts must be given deference and should not be disregarded.  *Id.*

The Eighth Circuit in *Aguilar* set forth the elements of an aiding and abetting claim

generally but noted as follows: "As the district court recognized, the Missouri Supreme Court

has yet to decide whether Missouri recognizes a cause of action for aiding and abetting a breach

of fiduciary duty.  For purposes of appeal, we will assume that it does."  853 F.3d at 403 n. 15.

In the subsequently decided *Jo Ann Howard & Associates* case, the Court explained that it had

"exercised caution in expanding state-law theories of liability that are not foreshadowed by state precedent."  868 F.3d at 651.  The Court held that it was "not prepared to predict that the Supreme Court of Missouri would recognize a new cause of action based on § 876(b) or (c)…." *Id.*

In light of this recent Eighth Circuit guidance, the Court cannot find that the Missouri Supreme Court would recognize a cause of action under § 876.  Defendant's Motion to Dismiss will therefore be granted as to Count VIII.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Alton Bank's Motion to Dismiss (Doc. 17) is **granted in part** and **denied in part** as follows:

> The Motion is **granted in part** as to **Count IV** of the Amended Complaint.  The Motion is **granted** with regard to any claim brought under Mo. Rev. Stat. § 428.029.2; and any claim brought under §§ 428.024.1(2) or 428.029.1 relating to the March 31, 2014 loan agreements.  The Motion is **denied** as to claims brought under § 428.024.1(1) relating to the March 31, 2014 transactions.

> The Motion is **denied** as to **Counts VI and VII** of the Amended Complaint.

> The Motion is **granted** as to **Count VIII** of the Amended Complaint.

Dated:  <u>January 4, 2019</u>

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE